STATE BAR GRIEVANCE ADMINISTRATOR v SMEEKENS

Docket No. 57261. Argued April 6, 1976 (Calendar No. 9).—Decided
    June 3, 1976. Rehearing denied 397 Mich 958.

The State Bar Grievance Board found John P. Smeekens guilty of
    misconduct and revoked his license to practice law, and he
    appeals. The respondent and his attorneys left the hearing
    before the grievance board's hearing panel after all of their
    pretrial motions were denied and did not participate in the
    trial. The respondent makes no challenge to the board's finding
    of fact and decision, but objects to the procedure of the griev-
    ance process. *Held:*

    1. There is no record to support the respondent's allegation
    that the rules of the State Bar Grievance Board denied him a
    reasonable opportunity to present a defense because Smeekens
    and his attorneys absented themselves from the fact-finding
    process after their pretrial motions were heard and denied.

    2. The nexus between the State Bar Grievance Board and its
    Administrator and hearing panel is sufficiently tenuous to
    negate the respondent's contention that he was denied a fair
    trial before an impartial tribunal because the functions of
    prosecutor, judge, and jury have been joined under one author-
    ity.

    3. The respondent has failed to present a record of facts or
    circumstances which establishes that the grievance procedure
    was unconstitutionally applied so as to deny him a fair trial.
    Affirmed.

1. ATTORNEY AND CLIENT—STATE BAR—DISCIPLINARY PROCEEDINGS—
    DUE PROCESS—ASSISTANCE OF COUNSEL.

    A lawyer subject to disciplinary proceedings before the State Bar
    Grievance Board did not show that the procedural rules of the
    board denied him a reasonable opportunity to present a defense
    and that, therefore, he was denied the effective assistance of
    counsel where the lawyer and his counsel appeared before the
    hearing panel for trial and made certain pretrial motions, and

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 7 Am Jur 2d, Attorneys at Law §§ 20, 63, 64, 207.

then absented themselves from the fact-finding process after the motions were all denied.

2. ATTORNEY AND CLIENT—STATE BAR—DISCIPLINARY PROCEEDINGS— DUE PROCESS.

The nexus between the State Bar Grievance Administrator, the hearing panel, and the State Bar Grievance Board is sufficiently attenuated to negate a contention by a lawyer subject to disciplinary proceedings that in effect the State Bar Grievance Board requested an investigation, investigated, determined probable cause, charged, prosecuted, and then found him guilty, thus denying him the due process of a fair hearing before an impartial tribunal.

3. ATTORNEY AND CLIENT—STATE BAR—DISCIPLINARY PROCEEDINGS— DUE PROCESS.

Absent a contrary showing, the State Bar Grievance Administrator, the hearing panel, and the State Bar Grievance Board, in addition to being functionally separate in disciplinary proceedings, are assumed to be fair and honest—composed of men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances; the risk of unfairness is not intolerably high.

*Eugene N. LaBelle,* Associate Counsel to State Bar Grievance Administrator.

*Patmon, Young & Kirk, P. C.* (by *Frederick A. Patmon* and *David Kirk Tate)* for respondent.

PER CURIAM. The State Bar Grievance Board revoked John Smeekens' license to practice law. Smeekens makes no claim that the record does not support the findings of the board. He does not argue that what was found does not constitute professional misconduct. His objections go to the process by which his license was revoked. We find no merit in the objections and affirm.

Smeekens contends that the rules of the board do not provide a respondent with a reasonable opportunity to present a defense and consequently that he was denied effective assistance of counsel.

The allegations are presented in the abstract, however, since Smeekens absented himself from the fact-finding process. Indeed, he compelled his attorneys to leave after his prehearing motions were denied. There is no record support for Smeekens' allegations of constitutional deprivations. On this record we are unable to discern if or how Smeekens may have been prejudiced by the procedural shortcomings he finds in the grievance process.

Secondly, Smeekens maintains that he has been denied a fair trial before an impartial tribunal because the functions of prosecutor, judge and jury have been joined under one authority. We recently resolved this argument against Smeekens' contention. *State Bar Grievance Administrator v Baun,* 395 Mich 28, 34; 232 NW2d 621 (1975).

Finally, Smeekens contends that, assuming *arguendo* that the grievance process is constitutional, it has been unconstitutionally applied so as to deny him a fair trial. In *Baun,* we said that a record might establish this allegation:

"Absent a contrary showing, the hearing panel, the Grievance Board and the Grievance Administrator, in addition to being functionally separate, are assumed to be fair and honest—composed of 'men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances'. We have been presented with no special facts or circumstances which suggest that the risk of unfairness is 'intolerably high' or that it even minimally exists." 395 Mich 28, 35.[1]

[1] *See also Withrow v Larkin,* 421 US 35, 58; 95 S Ct 1456, 1470; 43 L Ed 2d 712, 730 (1975):

"Clearly, if the initial view of the facts based on the evidence derived from nonadversarial processes as a practical or legal matter foreclosed fair and effective consideration at a subsequent adversary hearing leading to ultimate decision, a substantial due process question would be raised. But in our view, that is not this case."

We have reviewed the entire record. Like the record in *Baun,* there appears no fact or circumstance suggesting that the risk of unfairness even minimally existed.

We affirm the order of the State Bar Grievance Board.

KAVANAGH, C. J., and LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.

WILLIAMS, J., took no part in the decision of this case.